Mr. Clark E. Thomas P.O. Box 2722 Pine Bluff, AR 71613
Dear Mr. Thomas:
I am writing in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"), which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 2001), for the Attorney General's review of the custodian's decision with respect to the release of personnel or evaluation records. Specifically, you state that your employer has received an FOIA request for a copy of an investigative file on a sexual harassment complaint made against you in 1999. The employee who alleged the sexual harassment is the one who has submitted the FOIA request. As you note, the investigation resulted in a disciplinary suspension, and the custodian has determined that the investigative file should be released, with the redaction of the names of two employees from the investigative report.
RESPONSE
It is my opinion that the custodian's decision is consistent with the FOIA, with one minor exception. In my opinion, the name appearing on page three of the complainant's statement should be deleted prior to the release of the statement. I refer to the individual who is named by first name only, and not to the subject of the complaint who is also named on that page.
This office has previously opined on numerous occasions that records of investigations into alleged employee misconduct are generally covered by the "employee evaluation or job performance" provision in the FOIA. See,e.g., Ops. Att'y Gen. 99-339 and 96-257. Additionally, I have more specifically opined that records created as part of an inquiry into or investigation of allegations of sexual harassment constitute job performance records. See Ops. Att'y Gen. 2000-231, 1999-361, 94-119, 93-356, 88-162. Ancillary documentation may also be included. For example, the term "job performance record" has been interpreted to include incident reports, supervisors' memos, and transcripts of investigations, including witness statements. See, e.g., Ops. Att'y Gen.97-190, 96-342, 96-257, 96-168, 92-319, and 92-207. Records which reflect administrative action in response to or in connection with sexual harassment allegations are also included. Op. Att'y Gen. 93-055. Accord
Op. Att'y Gen. 97-400 (letters of suspension detailing employees' actions constitute job performance records).
It is my opinion, accordingly, that the investigative file records that have been submitted to my office constitute job performance records under the FOIA. This includes the Suspension notice, the text of the Investigative Report, and the employees' Statements that are listed as exhibits to the report.[1]
As a general matter, "employee evaluation or job performance records" (including "preliminary notes and other materials") are subject to disclosure under the FOIA only if the following three conditions are met: (1) there has been a final administrative resolution of any suspension or termination proceeding; (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) there is a compelling public interest in the disclosure of the records. A.C.A. § 25-19-105(c)(1). It appears that the first two conditions are met with respect to these records, and in my opinion the third condition is met as well. Your position as Labor Safety Administrator places you in a high-ranking supervisory position. This is a relevant factor in determining whether a "compelling public interest" exists. See J. Watkins, The Arkansas Freedom of Information Act 146-147 (mm Press 3rd ed. 1998). The nature of the problem that led to the suspension or termination also bears on the "compelling public interest" question. Id. at 145-146. In this regard, this office has consistently opined that the public does have a compelling interest in the release of job performance records relating to sexual misconduct. See, e.g., Ops. Att'y Gen. 2001-028, 94-119, 93-356 and 89-073. Additionally, it has been previously concluded in an analogous context that the balance tips in favor of disclosure where the allegations involve sexual misconduct by a manager directed toward a worker. Op. Att'y Gen. 91-003.
I therefore conclude that the conditions for release of these job performance records under the FOIA have been met.[2] I agree, however, with the custodian's determination regarding the deletion of the names of two employees from the Investigative Report. Additionally, however, it is my opinion that the first name appearing on the third page of the complainant's Statement should be deleted. It is my opinion that the constitutional right to privacy likely shields these names, under the assumption that this is a "personal matter" that is not of public record. See generally McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) (discussing the type of information that is shielded under the constitutional Fourteenth Amendment "right to privacy.") It is my opinion that the privacy interest in nondisclosure of this personal matter likely outweighs any governmental interest in disclosure. See generally 298 Ark. at 230, 231 and Op. Att'y Gen. 93-356
(concluding, in an analogous context, that an individual's name should be excised prior to the release of a job performance record that contained information constituting a "personal matter" under the McCambridge
test).
As a final matter, I must note that I am unable to make a conclusive determination regarding the proper classification of the "handwritten notes" that are referenced in the Investigative Report, or the "documentation" concerning a prior sexual harassment complaint, as I have not been provided with these records. Assuming that the notes pertain solely to the allegation of sexual harassment, however, they are in all likelihood releasable to the employee/complainant either as job performance records under A.C.A. § 25-19-105 (c) (1), supra, or as personnel records under A.C.A. § 25-19-105 (c) (2), supra at n. 1. With regard to the Director's notes of his conversation with the complainant, and the documentation of a prior complaint, it is my opinion that these records likely constitute "personnel records" that must be released to the employee/complainant to whom they pertain, in accordance with §25-19-105 (c) (2).
In conclusion, therefore, I am in agreement with the custodian's decision regarding the release of the Suspension notice, the text of the Investigative Report, and the employees' Statements, with the exception noted above concerning the deletion of the first name from the complainant's statement. Because I have not seen the other investigative file records referenced in the Report, I cannot make a conclusive determination regarding their release. As a general matter, however, I believe it is likely that they are also releasable to the employee/complainant.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The Department's sexual harassment policy (Exhibit D) and its disciplinary procedures (Exhibit E) do not fall within any FOIA exception and are thus open to public inspection. The travel request records (Exhibit F) probably constitute "personnel records." (A.C.A. § 25-19-105
(12)). Your records in this regard are releasable because, according to my review, they contain no information implicating your personal privacy. The travel records of the employee who has made this FOIA request are releasable to her under A.C.A. § 25-19-105 (c) (2), which requires that personnel records be made available to the employee to whom they pertain. The investigative report also refers to "copies of . . . job notices." Although I have not seen these records, I assume that they are open public records.
[2] These records may also be available to the employee/complainant under A.C.A. § 25-19-105 (c) (2), which requires that "personnel records" be made available to the employee to whom they pertain, even if the records would otherwise be exempt from disclosure to the public under the FOIA. Accord Op. Att'y Gen. 2001-217 (opining that transcripts of interviews in connection with a harassment investigation may fairly be classified as personnel records of the complainant).